**STATE ex rel. MILAN v. MASTERS.** (7 Div. 207.)

(Supreme Court of Alabama. April 13, 1922.)

**Schools and school districts** ⊜⟶25 — **County board of education has no power to create a new district by including an incorporated town of less than 2,000; "contiguous territory."**

The county board of education has no power to create a new school district by including therein territory lying within the corporate limits of a town of less than 2,000 population, in view of Code 1907, § 1693, providing that each incorporated town shall constitute a separate school district, and section 1355, as amended by Acts 1915, p. 559, providing that the "management and control of public schools" in towns of less than 2,000 population shall be vested in a county board of education, and section 1693, providing that the boundaries of any public school district may be changed by adding to or taking from any district composed of an incorporated town such contiguous territory as the board may deem just; "contiguous territory" being outlying territory which touches the incorporated city.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Contiguous Territory.]

Appeal from Circuit Court, Shelby County; W. L. Longshore, Judge.

Quo warranto by the State of Alabama, on the relation of J. D. Milan, to inquire into the right by which J. D. Masters held the office of school trustee. From a decree overruling demurrers to the answer, and sustaining demurrers to the replication filed thereto, relator appeals. Reversed and remanded.

The petition alleges that J. D. Masters unlawfully usurps, intrudes into, and holds the office of school trustee of school district No. 81, known as Banister school district, in Shelby county. The answer denies the charge of usurpation and illegality, but admits the holding of the office in question, alleging that on August 3, 1918, the school board of Shelby county regularly created said school district No. 81 from a part of Creswell and Benson school districts, and that on October 4, 1919, said school board regularly appointed respondent as trustee of said district. Demurrer to the answer was overruled, whereupon relator filed a replication, alleging that said school district No. 81 was illegally created, and was without legal existence, in that it was made to include a substantial portion of territory carved for that purpose by the county school board from the corporate limits of the town of Vincent, in said county, of less than 2,000 population. Demurrer was sustained to this replication, whereupon relator declined to plead further, took a nonsuit, and appealed.

Acuff & Luck, of Columbiana, for appellant.

The following acts must be considered, to determine whether or not a portion of the territory of an incorporated town can be cut off and put with other territory to form a separate school district. Acts 1896–97, p. 775, § 10; Acts 1903, p. 294, §§ 16 and 20; Acts 1907, p. 481; Acts 1909, p. 111; sections 1356, 1691, and 1693, Code 1907; Acts 1915, p. 282. The act of 1919 has no bearing upon this subject, since this district was created prior to its enactment. Our contention is that the various acts had each a field of operation, that they do not repeal each other, and that the board was without authority to carve out a portion of an incorporated town to make a separate school district. 164 Ala. 529, 51 South. 159; 204 Ala. 40, 85 South. 564; 160 Ala. 168, 49 South. 78; 158 Ala. 125, 48 South. 342; 154 Ala. 227, 45 South. 655; 163 Ala. 425, 50 South. 929.

Leeper, Haynes & Wallace, of Columbiana, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. The meritorious question presented by the rulings of the trial court is whether or not the school board of Shelby county was authorized by law to create the new school district, No. 81, by including therein territory lying within the corporate limits of the town of Vincent, a town of less than 2,000 population, and which had theretofore constituted of itself a separate and complete school district.

Section 1693 of the Code of 1907 provides that "each incorporated city or town in the state is a separate school district." This was a codification of the act of 1903, and was not changed by the act of 1907, which was itself incorporated in the Code. Nor was it in any way affected by the act of 1909. Acts Sp. Sess. 1909, p. 115.

Section 1355 of the Code of 1907, relating to the management and control of public schools in towns of more than 1,000, and cities of less than 6,000 population, and providing for municipal boards of education, was amended by the act of 1915 (Gen. Acts 1915, pp. 559, 560), which provided that—

"In towns of less than 2,000 population, the management and control of the public schools therein shall, on and after the first day of October, * * * be vested in a county board of education, which board shall be vested with all the powers and authority in relation *to such school*, as if the same were not within the incorporated territory." (Italics supplied.)

This amendment, directed to section 1355 alone, relates to the management of the schools, which is thereby shifted from local

or municipal boards to county boards, and manifestly was not intended to give to county boards the power to destroy the integrity of municipal school districts, as specifically ordained by section 1693. So far as the territorial formation and constitution of school districts are concerned, the powers of county boards of education are defined by section 1691 of the Code, which is a codification of section 4 of the act of 1907, and its provisions are not affected by either the act of 1909 or the act of 1915. Section 1691 provides that—

"The lines and boundaries of any public school district heretofore established by general law or any special law may be changed, or a new public school district may be created, by the vote of a majority of the county board of education."

And, recognizing the integrity of incorporated municipal districts, as declared by section 1693, it further provides that—

"The change of the lines or boundaries of any public school district or the creation of a new district under this section may also be made by adding to or taking from any district composed of an incorporated city or town such *contiguous territory* as such board may deem best." (Italics supplied.)

Though there is a slight inaptitude in the language used, due to structural condensation, the meaning of this latter provision, when construed with the other provisions of the law, is too plain for serious controversy. Manifestly it means merely that such incorporated districts may be enlarged by the addition of unincorporated territory bordering thereon, and that, when thus enlarged, they may be also reduced by' the withdrawal of such outlying territory. "Contiguous territory" means, ex vi termini, outlying territory which *touches* the incorporated district, and the process of addition or subtraction thus provided for is necessarily limited in its operation to outlying territory, and cannot include any part of the incorporated district itself.

We deem it unnecessary to determine whether or not section 10 of the special act of February 16, 1897 (Gen. Acts 1896-97, p. 775), incorporating the town of Vincent, which declared that the town should be a separate school district, has been expressly or impliedly repealed by general laws on the subject. See State ex rel. Tubbs v. White, 160 Ala. 168, 49 South. 78. The Act of September 26, 1919 (Gen. Acts 1919, p. 567), being approved after the occurrence of the matters .here involved, can, of course, have no application; nor, indeed, does it seem to embrace within its purview the subject of the formation and boundaries of school districts, which is therefore still governed by pre-existing statutes.

Our conclusion is that the formation of school district No. 81, as shown by the pleadings herein, was unauthorized and illegal; that the respondent, Masters, is without legal authority to exercise the duties and powers of a school trustee in and over the territory in question; and that, upon the facts shown, the petitioner would be entitled to relief. It will suffice to say that the trial court erred in sustaining the demurrers to petitioner's second and third replications, and the judgment in that behalf will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.