(102 So. 145)

**KYLE v. WIGGINS.   (8 Div. 275.)**

(Supreme Court of Alabama.   Nov. 1, 1924.)

Statutes ⬠96(1)—Act dividing county into school districts and providing for election of members of board of education from each held void local law.

Local Acts 1923, p. 258, dividing Morgan county into five school districts (section 1), and providing for election of one member of board of education from each, is local law (Const. 1901, § 110), and void in its entirety, as contravening section 104, subd. 22, pursuant to which Legislature created boards of education of five members elected from counties at large (Gen. Acts 1919, p. 582, art. 5, §§ 1, 2), with power, under Code 1907, § 1691, to create and change boundaries of districts.

Bouldin, J., dissenting.

Certified Question from Court of Appeals.

Petition by John T. Kyle for mandamus to M. D. Wiggins, as Chairman of the Democratic Executive Committee of Morgan County. From judgment denying writ, petitioner appeals. Question certified to Supreme Court by Court of Appeals (20 Ala. App. 347, 102 So. 143). Question answered.

The Court of Appeals certifies to the Supreme Court the following inquiry, under section 2 of Gen. Acts 1911, p. 96:

"To the Hon. John C. Anderson, Chief Justice, and the Associate Justices of the Supreme Court of Alabama: In the opinion of the Court of Appeals, the local act of the Legislature of Alabama, as shown in Local Acts 1923, p. 258, is void as being in violation of section 104, subsection 22, of the Constitution of 1901. The foregoing act being decisive of the appeal in the above-styled cause now pending in this court, the question is certified to your court for decision.

"C. R. Bricken, Presiding Judge.
"Wm. H. Samford, Associate Judge.
"Henry B. Foster, Associate Judge."

Sample & Kilpatrick, of Hartsells, and E. W. Godbey, of Decatur, for appellant.

The act of 1923 (Local Acts, p. 258) is in violation of the Constitution, and is void. Const. 1901, § 104 (22); 3 Words and Phrases, 2137 (Districts); State ex rel. Peck v. Riordan, 24 Wis. 484. The act undertaking to divide the county into districts being void, and petitioner having received a majority of votes from the whole county, he is entitled to the writ.

Wert & Hutson, of Decatur, for appellee.

The act does not create a separate school district, but an election district merely. 11 C. J. 837; 7 Words and Phrases, 6345; Wilkinson v. Stiles, 200 Ala. 279, 76 So. 45.

MILLER, J. The foregoing question presents for consideration whether the act in Locals Acts 1923, entitled an act "to divide Morgan county into five school districts and to provide for the election of a board of education for Morgan county and to prescribe their term of office, power and duties and to provide that one member of said board shall be elected from each school district," contravenes that part of section 104 of the Constitution of 1901 which reads as follows:

---

"The Legislature shall not pass a special, private or local law in any of the following cases: * * * (22) Establishing separate school districts."

This act in Local Acts 1923 is a local law. It was intended to apply to only one county, and that is Morgan county, which it names. It is made to apply to a particular political subdivision of the state, less than the whole, which is named therein, so it can be identified, which makes it a local law. Section 110, Const. of 1901, and authorities cited in volume 1, Code 1923, p. 307.

This local act in its title states its purpose, in part, is "to divide Morgan county into five school districts"; and in its body states "Morgan county is hereby divided into five school districts," and then states the territory composing each district. The design of the act, as intended by the Legislature, which is apparent from its title and its body, was to establish five separate school districts in Morgan county, to provide for the election of a board of education of five members, to require one member thereof to be elected from each school district by the qualified electors of each of the respective school districts, and not by the qualified electors of the entire county, and to fix their term of office, power, and duties. This act did establish five separate school districts, named each school district, and described that part of the territory of the county embraced in the different school districts. This authority is especially denied the Legislature by the organic law of the the state, as embraced in section 104, subd. 22, of the Constitution of 1901, quoted hereinbefore in this opinion.

This section 104 of the Constitution expressly imposes the duty upon the Legislature to pass general laws under and by which separate school districts may be established. The Legislature performed this duty and met this requirement of the Constitution. The Legislature by a general statute created a board of education in each county of the state, to be composed of five members, who shall be elected by the qualified electors of the respective counties. Sections 1 and 2, art. 5, act approved September 26, 1919, Gen. Acts 1919, p. 582. The right with the power to create new public school districts and to change the lines or boundaries of any school district heretofore established by a general or special law is conferred on and vested in the county boards of education by a general statute. Section 1691, Code 1907; State ex rel. Milan v. Masters, 207 Ala. 324, 93 So. 14.

This act of 1923 (Local Acts 1923, p. 258) is a local law; it establishes by section 1 five separate school districts in Morgan county, and that part of it is inoperative and void, and it violates section 104, subd. 22, of the Constitution of 1901 of Alabama. Separate school districts in this state must be estab-

lished in the different counties, not by the Legislature, but under the general law, by the boards of education of the respective counties. Authorities, supra.

This strikes from the act section 1, dividing the county into and establishing therein five separate school districts. This fractures the act so the legislative purpose cannot be performed in its entirety. This renders the balance of the act incomplete in itself and incapable of being executed in accordance with the apparent legislative design. If there are no separate school districts established by the act, then there could be no election of members of the board of education from these districts; so the entire act must fall; and it is void under the section of the Constitution named. S. & N. Ala. R. R. Co. v. Morris, 65 Ala. 193, headnote 2; Noble v. Mitchell, 100 Ala. 519, 14 So. 581, 25 L. R. A. 238; Faust v. Mayor, etc., 83 Ala. 279, headnote, 3, 3 So. 771; Wilkinson v. Stiles, 200 Ala. 279, 76 So. 45.

Let this be certified to the Court of Appeals.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

BOULDIN, J., dissents.