(102 So. 143)

## KYLE v. WIGGINS. (8 Div. 275.)

(Court of Appeals of Alabama. Nov. 1, 1924.)

1. Statutes ⚖➡96(1)—Act dividing county into school districts and providing for election of members of board of education from each held void local law.

Local Acts 1923, p. 258, dividing Morgan county into five school districts (section 1), and providing for election of one member of board of education from each, is local law (Const. 1901, § 110), and void in its entirety, as contravening section 104, subd. 22, pursuant to which Legislature created boards of education of five members elected from counties at large (Gen. Acts 1919, p. 582, art. 5, §§ 1, 2), with power, under Code 1907, § 1691, to create and change boundaries of districts. (Response of Supreme Court to certified question.)

2. Schools and school districts ⚖➡48(1)—Nomination of candidates for county board of education by school districts void.

Primary nomination of candidates for members of Morgan county board of education from school districts in county, as provided by Loc. Acts 1923, p. 258, is void, though terms of two members of board are expiring, as such vacancies are to be filled under general law (Gen. Acts 1915, p. 281, § 2, and School Code 1919, p. 16, art. 5, § 2), by electors from county at large.

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., and O'Kyle, Judges.

Petition of John T. Kyle for mandamus to M. D. Wiggins, as Chairman of the Democratic Executive Committee of Morgan County. From a judgment denying the writ, petitioner appeals. Affirmed.

See, also, Kyle v. Wiggins, 212 Ala. 116, 102 So. 145.

Sample & Kilpatrick, of Hartsells, and E. W. Godbey, of Decatur, for appellant.

The act of 1923 (Local Acts, p. 258) is in violation of the Constitution, and is void. Const. 1901, § 104 (22); 3 Words and Phrases, 2137 (Districts); State ex rel. Peck v. Riordan, 24 Wis. 484. The act undertaking to divide the county into districts being void, and petitioner having received a majority of votes from the whole county, he is entitled to the writ.

Wert & Hutson, of Decatur, for appellee.

The act does not create a separate school district, but an election district merely. 11 C. J. 837; 7 Words and Phrases, 6345; Wilkinson v. Stiles, 200 Ala. 279, 76 So. 45.

PER CURIAM. The petitioner, Kyle, filed his petition for mandamus, to compel the chairman of the Morgan County Democratic Executive Committee to certify to the judge of probate of Morgan county the fact of his nomination for the office of member of the

board of education for said county. Upon the hearing of the petition the writ was denied, and petitioner appeals.

One of the principal questions involved was the constitutionality of Local Act of the Legislature 1923, p. 258, and being of the opinion that such act was void, this court submitted the question to the Supreme Court, to which was returned the following response (per MILLER, J.):

[1] "The foregoing question presents for consideration whether the act in Local Acts 1923, entitled an act 'to divide Morgan county into five school districts and to provide for the election of a board of education for Morgan county and to prescribe their term of office, power and duties and to provide that one member of said board shall be elected from each school district,' contravenes that part of section 104 of the Constitution of 1901 which reads as follows: 'The Legislature shall not pass a special, private or local law in any of the following cases: * * * (22) Establishing separate school districts.'

"This act in Local Acts 1923 is a local law. It was intended to apply to only one county, and that is Morgan county, which it names. It is made to apply to a particular political subdivision of the state, less than the whole, which is named therein, so it can be identified, which makes it a local law. Section 110, Const. of 1901, and authorities cited in volume 1, Code 1923, p. 307.

"This local act in its title states its purpose in part is 'to divide Morgan county into five school districts'; and in its body states 'Morgan county is hereby divided into five school districts' and then states the territory composing each district. The design of the act, as intended by the Legislature, which is apparent from its title and its body, was to establish five separate school districts in Morgan county, to provide for the election of a board of education of five members, to require one member thereof to be elected from each school district by the qualified electors of each of the respective school districts, and not by the qualified electors of the entire county and to fix their term of office, power and duties. This act did establish five separate school districts, named each school district, and described that part of the territory of the county embraced in the different school districts. This authority is specially denied the Legislature by the organic law of the state, as embraced in section 104, subd. 22, of the Constitution of 1901, quoted hereinbefore in this opinion.

"This section 104 of the Constitution expressly imposes the duty upon the Legislature to pass general laws under and by which separate school districts may be established. The Legislature performed this duty and met this requirement of the Constitution. The Legislature by a general statute created a board of education in each county of the state, to be composed of five members, who shall be elected by the qualified electors of the respective counties. Sections 1 and 2, art. 5, act approved September 26, 1919, Gen. Acts 1919, p. 582. The right with the power to create new public school districts and to change the lines or boundaries of any school district heretofore established by a general or special law is conferred on and vested in the county boards of education by a general statute. Section 1691, Code 1907; State ex rel. Milan v. Masters, 207 Ala. 324, 93 So. 14.

"This act of 1923 (Local Acts 1923, p. 258) is a local law; it establishes by section 1 five separate school districts in Morgan county, and that part of it is inoperative and void, and it violates section 104, subd. 22, of the Constitution of 1901 of Alabama. Separate school districts in this state must be established in the different counties, not by Legislature, but under the general law, by the boards of education of the respective counties. Authorities, supra.

"This strikes from the act section 1, dividing the county into and establishing therein five separate school districts. This fractures the act so the legislative purpose cannot be performed in its entirety. This renders the balance of the act incomplete in itself and incapable of being executed in accordance with the apparent legislative design. If there are no separate school districts established by the act, then there could be no election of members of the board of education from these districts; so the entire act must fall; and it is void under the section of the Constitution named. S. & N. Ala. R. R. Co. v. Morris, 65 Ala. 193, headnote 2; Noble v. Mitchell, 100 Ala. 519, 14 So. 581, 25 L. R. A. 238; Faust v. Mayor, etc., 83 Ala. 279, headnote 3, 3 So. 771; Wilkinson v. Stiles, 200 Ala. 279, 76 So. 45."

[2] The primary election having been called for nomination of candidates for members of the board of education, as provided in the local act, supra, and not under the general law, there was no nomination of a candidate to fill a vacancy on the board of education. While it may be true that there is a term of one member of the board expiring (as is shown by the petition) whose successor is to be elected at the general election in 1924, under the general law this vacancy is to be filled by the voters of the entire county and not by those of a restricted territory. As a matter of fact, under the general law there are two members of the county board to be elected at the general election in 1924. See Gen. Acts 1915, p. 281, § 2; School Code Oct. 1, 1919, p. 16, art. 5, § 1. These vacancies are to be filled by the electors from the county at large and not in restricted districts, as appears from the limitations on the ballots used under authority of the executive committee. It will be seen that the limitations on the ballots, used in the primary election referred to in the petition, failed to extend this privilege to the electors for the county at large, resulting in the selection of candidates for offices in a manner not authorized by law. The local act being void, it follows that the primary election undertaking to select candidates for the offices as provided in the void act is void and no nomination resulted therefrom. Let the judgment be affirmed.

Affirmed.