(115 So. 30)

## VAUGHAN et al. v. McCARTNEY et al.
### (4 Div. 359.)

Supreme Court of Alabama. Dec. 22, 1927.

1. **Schools and school districts** ⬅22—**Statutory provisions relative to establishment of school districts superseded provisions of earlier Code relative to same matter, since in conflict therewith (Acts 1919, p. 567; Code 1907, §§ 1691, 1693).**

The provisions of Code 1907, §§ 1691, 1693, relative to the establishment of school districts, were superseded by Act 1919, p. 567, since the latter provisions were upon the same subject and in conflict with the former.

2. **Schools and school districts** ⬅20—**Courts will not interfere with county school board's selection of school site, in absence of fraud, corruption, or abuse of discretion (Acts 1919, p. 609, art. 12, § 4).**

In the selection of a school site under Acts 1919, p. 609, art. 12, § 4, the county school board is in the exercise of a wide discretion, and, in the absence of fraud, corruption, or abuse of discretion, the courts will not interfere and thus substitute their judgment for that of the board.

3. **Schools and school districts** ⬅69—**County board of education may, after selecting school building site, abandon it and designate another (Acts 1919, p. 609, art. 12, § 4).**

Where certain taxpayers of a school district sought to enjoin the county board of education from altering its former ruling relative to location, in pursuance of Acts 1919, p. 609, art. 12, § 4, of a school building, and ordering a new site for such building, held that it was within the discretion of the board, after selecting a site, to abandon it and designate another.

4. **Courts** ⬅106—**Supreme Court could not order chancellor's reasoning, which it approved set out in report, where it was contained in brief but not in transcript (chancery rule 84, vol. 4, Code 1923, p. 933).**

Where the chancellor's reasoning, as found in his opinion, copied into the brief of counsel upon appeal, was not copied into the transcript as provided by Chancery rule 84, vol. 4, Code 1923, p. 933, the Supreme Court, although in ac-

cord with the reasoning, could not order it set forth in the report of the case; being bound by the rule stated.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill for injunction by E. R. Vaughan and others against W. F. McCartney and others, as members of the County Board of Education of Geneva County, J. G. Austin, as County Superintendent of Education, and F. M. Fleming. From a decree denying temporary injunction, complainants appeal. Affirmed.

E. C. Boswell, of Geneva, for appellants.

The action of the county board in the creation, consolidation, or changing of the boundaries composing the territory now comprising district No. 7 was illegal. State ex rel. Milan v. Masters, 207 Ala. 324, 93 So. 14. The board was therefore without legal authority to contract for or to erect a school building in said district so illegally created. Travis v. First Nat. Bank, 210 Ala. 620, 98 So. 890; Potts v. Comm. Court, 203 Ala. 300, 82 So. 550; Reynolds v. Collier, 204 Ala. 38, 85 So. 465; O'Rear v. Sartain, 193 Ala. 275, 69 So. 554, Ann. Cas. 1918B, 593. Each incorporated city or town is a separate school district. Code 1907, §§ 1691, 1693; Kyle v. Wiggins, 212 Ala. 116, 102 So. 145; State ex rel. v. Masters, supra. A site once legally located cannot be arbitrarily changed. 35 Cyc. 934, 936; State v. Campbell, 212 Ala. 493, 103 So. 471.

Carmichael & Tiller, of Geneva, for appellees.

Sections 1691, 1693, of the Code of 1907, were repealed by the Act of 1919, pp. 567–578. School district No. 7 was legally created. Levy v. Jones, 208 Ala. 104, 93 So. 733; Shanks v. Winkler, 210 Ala. 101, 97 So. 142; Acts 1919, § 4, art. 12, p. 585. That the trustees did not consent to the action of the county board is immaterial. Acts 1919, p. 585, § 4, art. 12. The county board has full powers, executive, legislative, and judicial, in the arranging of boundaries and selection of sites for the location of schools, and to change such locations. Acts 1919, §§ 19, 26, art. 5, and sections 4, 7, 8, art. 6; Shanks v. Winkler, supra; Board of Rev. v. Merrill, 193 Ala. 521, 68 So. 971. The selection of the Bellwood site was a revocation of the selection of the Ætna site. Levy v. Jones, supra; Birmingham v. Southern Ex. Co., 164 Ala. 529, 51 So. 159. In absence of allegations of fraud in the action of the board in making the selection of the site, same will not be reviewed by the courts. Board of Rev. v. Merrill, 193 Ala. 521, 68 So. 971; Talley v. Comm. Court, 175 Ala. 644, 39 So. 167; Eutaw v. Coleman, 189 Ala. 164, 66 So. 464.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GARDNER, J. Complainants, appellants here, are resident taxpayers and patrons of school district No. 7 of Geneva county, and file this bill against the members of said county school board of education and one Fleming, a contractor, seeking injunctive relief against the erection of a junior high school building in said district at a point or location in said district other than what is referred to as the Ætna site. Answer was filed, and the application for temporary injunction set down on a named date for hearing by the chancellor, as provided by section 8304, Code of 1923. Upon due consideration of the bill and answer and evidence submitted by the respective parties to the suit, the chancellor denied the temporary writ, and from this order complainants have, within the time prescribed by section 8307, Code of 1923, prosecuted this appeal.

It is established, without dispute, that the county board of education in April, 1926, passed a resolution to divide the county into eighteen school tax districts, and requested the court of county commissioners to order an election for a special tax levy in the several tax districts. Bellwood, district No. 7, was one of the districts so established, and the commissioners' court ordered the election as thus requested and the tax voted. This was in accordance with article 12 of the Act approved September 26, 1919, entitled in part "An act to provide a complete educational system for the state of Alabama." Acts 1919, p. 567. Bellwood, or school tax district No. 7, appears therefore to have been established in accordance with the provisions of the above-noted article 12 of the Act of 1919, supra, with particular reference to section 4 thereof. Shanks v. Winkler, 210 Ala. 101, 97 So. 142.

[1] Counsel for appellants refers to sections 1691 and 1693, Code of 1907, and argues the invalidity of the proceeding for establishment of said school tax district for a noncompliance therewith. The provisions of these Code sections have, however, been superseded by the act of 1919, supra, as in conflict therewith, and the latter act must therefore here control. Levy, etc., v. Jones, 208 Ala. 104, 93 So. 733.

It appears that Bellwood is a municipal corporation of less than 1,000 inhabitants, and that territory was not taken therefrom but added thereto in the establishment of district No. 7. The case of State ex rel. Milan v. Masters, 207 Ala. 324, 93 So. 14, cited by appellants, dealt, therefore, not only with a different situation, but also under section 1693 of the Code of 1907, which, as previously noted, has been superseded and repealed by implication at least by the provisions of the act of 1919, supra. There is an inadvertent expression in the Masters' Case that this act of 1919 did not, "seem to embrace within its purview the subject of the formation and boundaries of school districts." This was a dictum, doubtless based only on such portions

of the act as were brought to attention in brief, and that it was considered as a mere inadvertence is disclosed by the decision in Shanks v. Winkler, supra, wherein the authority of the county board in this respect is fully recognized. Indeed as we read and understand the bill it is not charged that district No. 7 was illegally established.

It further appears that the board of education at one time agreed upon and selected the site for the new building at Ætna and that a deed to 5 acres was executed to the state and recorded for that purpose and pursuant to an understanding with the local trustees and their consent obtained to the establishment of said tax district with the understanding the building was to be placed on the Ætna site. Counsel rely upon State ex rel. v. Campbell, 212 Ala. 493, 103 So. 471, in support of the insistence that a subsequent change of decision on the part of the board and establishment of the site at Bellwood was unauthorized under the above-stated circumstances. But the Campbell Case concerned the matter of consolidation of schools under section 10 of article 5 of the above-cited Act of 1919, which expressly requires the consent of the separate school district trustees. Here the board was acting under authority of section 4 of article 12 of said act, wherein it is provided, among other matters, that the "county board of education of its own initiative shall fix the boundaries of any school district within its jurisdiction in which it is proposed to levy a local school tax." Shanks v. Winkler, supra. Consent of the local trustees was therefore not necessary and the Campbell Case is without application.

It follows, therefore, that the establishment of school tax district No. 7 was in accordance with the applicable statute and valid, and, as previously noted, we do not find in the bill any express averment attacking the validity of said district, but rather inferences to the contrary.

[2] The only remaining question, therefore, is whether or not the county board of education, having once entered upon its minutes a selection of a site for the new building at Ætna, has the authority to reconsider its previous ruling and change the location to Bellwood, in the same district, but eight-tenths of a mile distant from the first selection of Ætna, all of which appears in the minutes of said board. A reading of the above-noted act of 1919 suffices to demonstrate that the board is given very general and broad powers of executive, legislative, and judicial character. In the selection of a school building site, the board is in the exercise of a wide discretion, and, in the absence of fraud, corruption, or abuse of discretion, the courts will not interfere, and thus substitute their judgment for the judgment of the board. Board of Revenue v. Merrill, 193 Ala. 521, 68 So. 971.

[3] There is no indication in the record of

any fraud or abuse of discretion, but we think it clear the board, in abandoning the originally selected site and changing the same to Bellwood, were actuated by their best judgment as to what they conceived to be for the public benefit, and by no improper motive. We think it was within the broad powers granted the board by the act to abandon the first selected site and designate another, and, no fraud or abuse of discretion appearing, their action cannot be here disturbed. The subsequent selection of the site at Bellwood upon a reconsideration of the matter by the board was sufficient rescission of the former action, without any express rescission thereof.

It may be added that under the provisions of the Acts of 1919, p. 187, it would seem, upon abandonment of the Ætna site, the 5 acres of land deeded to the state reverted to the grantors.

[4] We are in accord with the conclusion of the learned chancellor, and likewise with the reasoning found in his opinion copied in brief of counsel, but which we cannot here order set out in the report of the case as we do not find it copied into the transcript, as provided by chancery rule 84, vol. 4, Code of 1923, p. 933.

The decretal order of the chancellor denying relief will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.