(129 So. 473)

### CHEROKEE COUNTY BOARD OF EDUCATION et al. v. CHANDLER et al.

### 7 Div. 962.

Supreme Court of Alabama.
June 26, 1930.

Hugh Reed, of Center, for appellants.

F. M. Savage, of Center, and Haralson & Son, of Ft. Payne, for appellees.

PER CURIAM.

All the Justices concur in the conclusion that the decree of the circuit court should be reversed and the cause remanded. The majority, consisting of ANDERSON, C. J., SAYRE, GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., are of opinion that the county board of education was acting within its authority in creating a new local district covering the territory of the two old districts, and that there is no equity in the bill.

BROWN, J. (concurring).

The appellees who allege that they are "the duly elected and qualified Trustees of Woods Bend School District No. 56" and of "Savage School District No. 55," and resident citizens of Cherokee county, filed this bill against the county board of education and the county superintendent of education, alleging, to state the substance of the averments, that Woods Bend school district No. 56 and Savage School district No. 55 are each legally and properly established and organized school districts, and that schools are being taught in both of said districts. That the county board of education of its own motion, arbitrarily, and against the wishes and protest of the trustees of both schools, has abolished the two districts and established one in lieu thereof, embracing in the new district the territory of the two former districts. That the county board has arbitrarily named trustees for the new district, not naming any one of the former trustees as trustees of the new district. That the county board has entered into a contract with one Grant to construct a school building for the new district, and that the material has been placed on the ground and the work has begun. That the site of the new building was selected "without due consideration of the compulsory attendance law."

452

The prayer is that the respondents be restrained and enjoined from proceeding with the work of constructing said building, and for general relief.

On hearing on demurrer and application for temporary injunction, the demurrer of the defendants was overruled, and temporary injunction granted, and the appeal is from this decree.

The law as it existed prior to the Act of September 26th, 1919, entitled "An act to provide a complete educational system for the State of Alabama," etc. (Acts 1919, pp. 567–678), provided for only one class of school districts, and provided that "the lines and boundaries of any public school district," theretofore established, might be changed or a new "public school district" created "by the vote of a majority of the county board of education, upon application to said board, and after notice," etc. Code 1907, § 1691.

It also provided for the election of "district trustees" by the qualified electors of each public school district (Code 1907, § 1697) ; and section 1699 prescribed the powers and duties of such "district trustees."

This system of government in respect to public schools was supplanted by the act of 1919, which, as "Compiled, Annotated and Indexed by Harwell G. Davis, Code Commissioner," constitutes the "Alabama School Code" of 1927. Vaughan v. McCartney et al., 217 Ala. 103, 115 So. 30.

The School Code provides four different classes of districts: "Compulsory school attendance districts," sections 127, 151, and 317; "local districts," section 154; "consolidated districts," section 102 ; and "special tax districts," sections 270–276.

There is now no such office as "district school trustee"; only "school trustees" are provided for, and these are appointed by the county board of education from "discreet, competent and reliable persons of mature years nominated by the patrons of the said school." School Code, 1927, § 133.

We are not now concerned with compulsory attendance districts nor consolidated districts. The last named comprise territory situated in different counties, and are established by the co-operation of the county boards of the counties affected, and the consent of the school trustees.

The controversy here involves local districts, and the legal question presented is: Can the county board, of its own initiative, create a new local district, embracing the territory of two districts theretofore established, without the recommendation of the county superintendent of education? The authority to establish local districts is found in section 154 of the School Code, which imposes the authority and duty upon the county superintendent of education to "recommend a plan for the laying out of such local district or districts as will best serve the interests of the entire County, and shall submit the same for approval and adoption by the County Board of Education."

The complainants seem to rest their right to injunctive relief on the provisions of section 100 of the 1927 School Code, which provides that: "The County Board of Education shall consolidate schools wherever in its judgment it is practicable, and arrange, if necessary for the transportation of pupils to and from such consolidated schools. But no school shall be consolidated, by consolidating two or more schools located in different school districts, *without the consent of the school trustees of each district.*" (Italics supplied.)

In the light of the provisions of this section of the School Code, there can be no doubt that the county board was without authority to consolidate the schools located in separate districts, so long as such districts continued to exist, without the consent of the school trustees of both schools. State ex rel. Wright v. Campbell et al., 212 Ala. 493, 103 So. 471.

If the county board of education had authority to form a new district, and its authority was properly invoked and exercised, the creation of the new district embracing the territory of the two former districts would of necessity abolish the old districts. City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61 ; State ex rel. Bassett et al. v. Nelson et al., 210 Ala. 663, 98 So. 715.

There is nothing in the statute that authorizes the county board of education on its own initiative to form local districts, and it has authority to do so only on the recommendation of the county superintendent of education. School Code of 1927, § 154.

The purpose of forming local districts is to enable the school authorities to determine what children are entitled to attend a given school, and to conserve the convenience of the children. As to this it would seem the superintendent of education, who is chosen because of his experience and qualifications as a superintendent of the schools, and who is required to devote his full time to working out school problems, is better qualified to lay out and form these districts than are the members of the county board whose only qualifications are that of "persons of good moral character, with at least a fair elementary education, of good standing in their respective communities, and known for their honesty, business ability, and public spirit (School Code, § 87), whose pay is small and limited to twelve days in the year (§ 92)."

For like reasons the superintendent of education is invested with a discretion in forming compulsory attendance districts. The statute provides: "The County Board of Education shall, *upon the recommendation of the County*

*Superintendent of Education,* arrange the County into one or more appropriate and convenient compulsory school attendance districts," etc. (Italics supplied.)

But when it comes to deal with special tax districts, the statute uses different language: "In order to make it possible to work out a system of local tax assessments adapted to the needs of the whole county, the county board of education, *of its own initiative,* shall fix the boundaries of any school district within its jurisdiction in which it proposes to levy a school tax," etc. (Italics supplied.)

In the one case the county board acts of its own initiative, and in the others only on the recommendation of the county superintendent.

While the county board of education is a quasi corporation, and an agency of the State (Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163), invested with certain powers, it is of statutory creation, and its powers are subject to the limitations which the statute places on them, and must be exercised when and as the statute directs.

The bill avers, and the certified copies of the minutes of the county board show, that the board has, of its own motion and without recommendation of the county superintendent, assumed to form a new district, referred to in the minutes as Woods Bend-Savage district No. 75; but this abortive effort to form such district and abolish districts 55 and 56 theretofore legally established is not sufficient ground for interference by injunction. Certiorari to quash the unauthorized order or resolution affords a complete remedy, in so far as the complainants are interested as school trustees. Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971.

If the bill had been filed by a taxpayer residing in the district in which the school building in question was not being erected, and had shown that the funds belonging and applying to his district were being wrongfully misappropriated to the other district, a different question would be presented. Kumpe v. Bynum et al., 158 Ala. 311, 48 So. 55.

The statute does not commit to the school trustees the care or custody of the school funds, nor to their jurisdiction or authority the supervision of building plans. Such matters are committed by law to the county school board, and as to this they have a wide discretion, which, in the absence of gross abuse, fraud, or corruption, will not be interfered with by a court of equity. Vaughan v. McCartney et al., supra.

The bill is clearly without equity, and the court erred in granting the injunction and overruling the demurrers.