85 So.2d 633

**Amos A. STEWART**

v.

**Carl D. NE SMITH, Chairman Blount County Democratic Executive Committee.**

**6 Div. 20.**

Supreme Court of Alabama.

Feb. 28, 1956.

Johnson & Randall, Oneonta, for appellant.

Finis E. St. John, Cullman, and J. E. Bains, Jack Martin Bains and Carl D. NeSmith, Oneonta, for appellee.

PER CURIAM.

Appellant here appeals from a final judgment dismissing his petition for mandamus directed to appellee as chairman of the Blount County Democratic Executive Committee. The court had sustained a demurrer to his petition, which he declined to amend, thus causing the dismissal. That is one method of reviewing a ruling of the court sustaining a demurrer to a petition or complaint. The ruling is assigned as error and both it and the final judgment are in sufficient form to support the appeal and a basis for the assignment of error.

The question involved presents the constitutionality of two local acts applicable to Blount County. Both acts relate to the county board of education of that county. Act No. 227, approved August 8, 1955, Acts 1955, page 535, provides that the members of the board of education for that county shall be nominated and elected by the electors of the county at large. There is no provision as to his residence in any certain school district of the county. If that Act were valid it would repeal the other local act referred to above. That is Act No. 447, approved August 17, 1951, Acts 1951, page 799. The 1951 Act staggers the election of members of the board, so that only one such member shall be elected at a general election. It requires each such member of the board of education to be elected at the specified general election by the qualified electors of the entire county under the general election laws of the State, but such member must be nominated by the qualified electors of the "commissioner's district * * * of Blount County as now fixed and designated by law", and must be a resident citizen and qualified elector of the designated district for which he is nominated and elected. The Act says nothing about school districts.

This appellant seeks the nomination for membership in the school board and possesses the qualifications required by the Act of 1955, supra, if it is applicable. The place to be filled is in commissioner's district No. 4, as defined by the Act of 1951, above. But appellant resides in commissioner's district No. 3. If the Act of 1955, supra, is valid, it is immaterial in what district he resides. But he now concedes in brief that the Act of 1955 is unconstitutional because, as passed, it was not properly advertised as a local law. The Attorney General advised that the Act is unconstitutional, and the County Democratic Executive Committee is proceeding under the Act of 1951, supra. Appellant concedes that if the latter act is valid, he cannot qualify under its requirements since he does not reside in the commissioner's district involved. But he claims that the Act is violative of section 104(22) of the Constitution because it indirectly establishes separate school districts by a local law. Therefore, appellant claims that the Code sections apply. Sections 63 and 65, Title 52; section 70, Title 17. He qualifies under those sections and if they control he is entitled to be certified.

The case of Kyle v. Wiggins, 212 Ala. 116, 102 So. 145, does not answer the question here presented. There the Court was dealing with an act which, in terms, provided for separate school districts. The Act here in question does not so provide, unless its reference to commissioner's districts is an adoption of them as school districts within the meaning of section 104(22) of the Constitution. We see no reason why the law cannot require the members of the board of education to reside in separate commissioner's districts and be nominated there.

We cannot agree with the contention made that the Act of 1951 establishes separate school districts within the meaning of section 104(22) of the Constitution. It is evident that the Act of 1951 was patterned after Act No. 173, approved March 15, 1939, Local Acts 1939, page 98, in which the election of county commissioners is similarly provided for in commissioner's districts. Upon that theory, we think the trial court correctly held that the Act of 1951 did not violate section 104(22) of the Constitution. The judgment should be affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY, MERRILL and MAYFIELD, JJ., concur.