## JANUARY TERM, 1889. 37

Everts v, The Dist. Tp. of Rose Grove.

## EVERTS v. THE DISTRICT TOWNSHIP OF ROSE GROVE.

1.  **Corporations:** PUBLIC : PAROL TO CONTRADICT RECORDS OF : COLLATERAL ATTACK. Parol evidence in a collateral proceeding cannot be received to contradict the records of a public corporation required by law to be kept in writing, or to show mistake therein. (See authorities cited in opinion.) Accordingly, in an action on a money obligation of a school district, which the records of the annual meeting of the electors, and of a subsequent meeting of the directors, showed to have been issued upon the authority of those bodies, *held* that the testimony of electors was inadmissible to show that no such action was taken at the annual meeting, and that parol evidence was properly excluded tending to impeach the validity of the record of the board of directors, on the ground that it was made by an interested member of the board, who was not its secretary.

2.  **School Districts:** RATIFICATION OF ACTION OF BY ELECTORS. A contract made by a school district, which it might lawfully have made by authority of the electors at their annual meeting, becomes binding upon the district after ratification by the electors, though originally made without such authority.

3.  ———— : POSSESSION OF SCHOOL-HOUSE SITE : NOTICE TO SUBSEQUENT PURCHASERS. The possession by a school district of a school-house site, under contract with the owner of the land, is notice to subsequent purchasers of its rights, and it is not divested of those rights by the transfer, without reservation, of the tract of which the site is a part.

4.  ———— : SETTLEMENT OF DISPUTED CLAIM : CONSIDERATION. The settlement of a disputed claim between a school district and a claimant is a good consideration for an order of the district to pay a sum of money agreed in the settlement to be paid in satisfaction of the claim.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

FILED, JANUARY 29, 1889.

THIS is an action on two orders drawn by the president and secretary of the defendant on its treasurer, directing him to pay a sum of money to E. L. Norris in

one year from the date thereof, with ten per cent. interest. It is alleged in the petition that the warrants were issued in pursuance of a settlement had between defendant and the payee named therein of a disputed claim, and that such settlement was authorized by the electors of the district township, which action was duly made of record. This averment is denied in the answer, and it is alleged that the orders were issued without consideration, and without authority of law. Upon the close of the testimony the district court directed the jury to find specially on a single question of fact, and upon that finding entered judgment for plaintiff for the amount of the warrants. Defendants appeal.

*D. D. Chase* and *J. L. Kamrar*, for appellant.

*Martin & Wambach*, for appellee.

REED, C. J.—The orders in suit were issued on the twelfth of March, 1877. It appears that in 1868 the board of directors of the district township entered into a contract with S. L. Rose, by which he agreed to furnish ground for a school house, and erect thereon a school house for the district. The board, in making the contract, acted under a resolution adopted by the electors at the annual meeting in March, 1866. In 1869, Rose did erect a school house on lands belonging to himself, which the district used for school purposes up to 1885. He did not, however, execute to the district either a lease or conveyance of the grounds, and he subsequently executed a mortgage to a third party on the farm on which the building was situated. He also subsequently conveyed the farm to Norris, the payee named in the warrants. He made no reservation of the ground upon which the school house was situated in either the mortgage or deed, and the mortgage was subsequently foreclosed, and the premises sold, and a sheriff's deed thereof was given to the purchaser. After the erection of the school house a claim was made by Rose and Norris that the district was required by the terms of the

JANUARY TERM, 1889. 39

Everts v. The Dist. Tp. of Rose Grove.

contract to erect and maintain a fence around the grounds on which it was situated, and plant shade-trees thereon, and that they had been damaged by its failure to perform that part of the agreement,. and plaintiff's claim is that the warrants were issued upon a settlement of that claim, and in pursuance thereof. The warrants were issued on the day of the annual meeting of the electors in 1877, and the single question of fact submitted to the jury was whether the president of the board of directors who signed the orders was present at the meeting of the board on that day. As that question, and the finding of the jury thereon, which was in the negative, is not claimed by either of the parties to be conclusive of the rights involved, the action of the court may be regarded as in effect a direction to the jury to return a general verdict for plaintiff. The principal question in the case, then, is whether there was any evidence tending to establish the defenses pleaded. If there was, the parties had the right to have the question of its sufficiency passed upon by the jury. ·

In addition to the orders, which are *prima-facie* evidence of indebtedness, plaintiff introduced what purported to be the record of the annual meeting of the electors, in March, 1875, which recites the adoption of a resolution empowering and directing the board of directors to adjust and settle the claims of Rose and Norris in such manner as in the judgment of the members of the board shall be for the best interest of the district. Also what purported to be the record of a meeting of the board of directors, held on the day on which the warrants were issued, which recites an offer of compromise by Norris of his claim, and an acceptance by the board of that offer, and that the orders were issued in pursuance of that action. Defendant introduced several electors of the district, who testified that they were present at the annual meeting in March, 1875, and that no action whatever was taken by the electors with reference to said claims. It also offered evidence tending to prove that the alleged record of the meeting of the board of directors on the twelfth of March, 1877,

was in the handwriting of Rose, who, although a member of the board, was not its secretary, and that the signatures of the members of the board were appended to it by him.

If it were competent to contradict the record by parol, of course the evidence introduced would have presented a question for the jury. But "parol evidence in a collateral action cannot be received to contradict the records of a public corporation, required by law to be kept in writing, or to show a mistake in the matters as otherwise recorded." 1 Dill. Mun. Corp., sec. 299; *School Dist. v. Atherton*, 12 Metc. 105; *Morrison v. Lawrence*, 98 Mass. 219; *Mayhew v. Gay Head*, 13 Allen, 129; *Durfey v. Hoag*, 1 Aiken, 286. We think, therefore, that the district court was right in disregarding the parol evidence as to the action taken by the electors. The meeting was one required to be held by the statutes, and it was the duty of the secretary to keep a record of the action taken by the electors thereat. If an incorrect record was made, the remedy was by correcting it at that or some subsequent meeting. But its correctness cannot be questioned in a collateral action.

It was contended, however, that the electors had no power to authorize the payment of the claim. This claim is based upon the fact that the authority conferred upon the board of directors by the meeting in 1866 was to contract with Rose for the erection of the school house, and for the erection and maintenance of the fence around the grounds, so long as they should be used by the district, while the agreement actually entered into was that the district should erect and maintain the fence. But if it should be conceded that the board exceeded the powers conferred upon them in entering into the contract, their action was subject to be ratified by the district, and the action of the electors in authorizing the settlement of the controversy which grew out of it was a ratification.

It was also contended that the claim was absolutely without merit, and for that reason the warrants were

Everts v. The Dist. Tp. of Rose Grrve.

without consideration. This claim is based upon the alleged fact that the district was divested of all right in the ground by the mortgage and subsequent conveyance of the farm in which it was included, the position being, in effect, that the undertaking of Rose to furnish grounds for the school house constituted the consideration for the agreement of the district to build and maintain the fence, in so far as that agreement was beneficial to him. But it does not appear that the district was divested by the conveyance and mortgage. It was in possession when those instruments were executed, and both the mortgagee and purchaser were charged with notice of its rights. It does not appear ever to have been evicted from the premises, but continued in possession for many years after the foreclosure of the mortgage, and Norris' action in asserting the claim was in some sense a recognition of its rights. The settlement and adjustment of a disputed claim is a valid consideration for the agreement to pay the amount agreed upon by the parties in the settlement. We think that the action of the court in directing the verdict is right, and the judgment will be AFFIRMED.