STATE ex rel. WRIGHT et al. v. CAMP-BELL et al.   (7 Div. 453.)

(Supreme Court of Alabama.   March 19, 1925.)

1. Schools and school districts ☞33—County board bound by conditional consent of school trustees to consolidation.

The consent of trustees of school districts to consolidation under State Educational Act (Gen. Acts 1919, p. 585, art. 5, § 10) may be conditional, and county board could not accept such consent without also accepting condition attached thereto, and in making consolidation are bound by such condition.

2. Evidence ☞387(1) — Written records of public corporation cannot be contradicted by parol evidence.

Records of public corporation or quasi corporation, required to be in writing, cannot be contradicted in collateral proceeding by parol evidence showing recorded action was not in fact taken.

3. Evidence ☞387(5)—Parol evidence held admissible to show conditional consent to consolidation of school district, though minutes of county board did not mention condition.

Though the recitals of minutes of county board directing consolidation of school districts pursuant to State Educational Act (Gen. Acts 1919, p. 585, art. 5, § 10) are presumed to be true, prima facie, such recitals have no force and effect of a judgment and though minutes made no reference to conditions attached to trustee's consent to consolidation, parol evidence was admissible to show that condition actually was attached.

4. Schools and school districts ☞33—Consolidation contrary to condition imposed on consent held invalid.

Where trustees of school district consented to consolidation under State Educational Act (Gen. Acts 1919, p. 585, art. 5, § 10) only on express condition that consolidated schoolhouse be located on designated site, action of county board in changing such site was a breach of condition which nullified consent, and rendered consolidation invalid.

5. Mandamus ☞79—Will lie to compel county board to provide school.

Mandamus will lie to compel county board to perform mandatory duty to maintain school in district, where consolidation with another district under State Educational Act (Gen. Acts 1919, p. 585, art. 5, § 10), was invalid, because of breach of condition attached to trustees' consent.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Petition by the State of Alabama, on the relation of J. B. Wright and others, for mandamus to W. E. Campbell and others. From a judgment denying relief, petitioners appeal. Reversed and rendered.

The petition is filed by certain residents and citizens of Mt. Olive school district, No. 32, in Clay county, for a writ of mandamus to compel the respondents, as members of the county board of education of said county, to declare void or annul a certain order of the board passed on February 25, 1921, purporting to consolidate school districts shown by the county board's records as follows:

"A motion was made and passed consolidating Dist. No. 30 and Dist. No. 32, also the consolidation to extend and include the territory now located in Motley Dist. No. 31 to the Clay county line. Said consolidation was passed by order of the county board of education by request and unanimous consent of the trustees of all the territory affected by and included in Districts Nos. 30 and 32," and further to require said county board to provide and maintain a school as formerly in Mt. Olive district.

The petition alleges that "the trustees of said Mt. Olive school district No. 32 did not consent to such consolidation as required by law, but * * * the said trustees gave a

conditional consent, * * * the condition being as follows: Said trustees agreed and consented that if the board would locate and build the school building on the location previously agreed upon by the trustees of both districts, that then and in that event the said trustees would consent to the consolidation, but that they would not consent to such consolidation unless this was done"; that pursuant to this consent the county board pretended to locate the school on the site so selected, and at the same meeting above referred to made the following order of record: "A motion was made and passed by the board indorsing the location on the site suggested and agreed upon by the trustees of the districts included in the above consolidation"; but that, on September 3, 1921, the following order was made, as shown by the records of the board:

"A motion was made and passed changing the site for the location of the consolidated districts Nos. 30, 31, 32 from the place first selected by the board to a site about one-half mile south down the Mellow valley and Davidson road on the lot deeded to the state by J. J. Kilgore and wife."

The petition further shows that Mt. Olive school district is entitled to have a school, but that the county board has failed and refused, and still fails and refuses, such a school.

The trial court overruled a demurrer to the petition, but sustained the respondents' demurrer to the evidence offered by the petitioners, and denied relief. From that judgmen the petitioners appeal.

A. L. Crumpton, of Ashland, for appellants.

The county board must provide a school in each district, and no separate district schools may be consolidated without the consent of the district trustees. Acts 1915, p. 281; Acts 1919, pp. 582, 585. A conditional consent is not a consent, unless the condition is accepted; the doing of any act in violation of the condition avoids the consent. Shaw v. N. Y. E. Ry., 187 N. Y. 186, 79 N. E. 984; 31 Cyc. 1132; Jones v. Morris, 61 Ala. 518; Gindrat v. Montgomery, 82 Ala. 596, 2 So. 327, 60 Am. Rep. 769; 12 C. J. 399; Elyton L. Co. v. South, 100 Ala. 396, 14 So. 207. Mandamus is the proper remedy. State ex rel. Mobile v. Board of Rev., 180 Ala. 489, 61 So. 368; State ex rel. Brickman v. Wilson, 123 Ala. 259, 26 So. 482, 45 L. R. A. 772; 26 Cyc. 250.

Arthur L. Hardegree, of Ashland, for appellees.

Public records are conclusive of the matters stated therein. 22 C. J. 969. And cannot be collaterally impeached. 22 C. J. 1085. Mandamus will not lie to compel the exercise of discretionary power. 26 Cyc. 281;

State v. Colebrook, etc., 24 Ohio Cir. Ct. 383, 25 Ohio Cir. Ct. 424; State ex rel. Cowan v. Co. Comm., 143 Ala. 181, 39 So. 126.

SOMERVILLE, J. The evidence fully supports the allegations of the petition, and the record presents only three substantial questions: (1) Was a conditional consent of the trustees of the Mt. Olive school district to the consolidation of their district school with the other schools, a sufficient consent to authorize the consolidation? (2) If so, was the condition binding on the county board? (3) If a conditional consent was a legal consent, and the condition binding on the county board, can the fact and terms of the condition—the location of the consolidated school at the place selected by the local trustees—be shown by parol evidence, notwithstanding the recital by the minutes of the county board of a general consent by the local trustees, with no allusion to the fact of a condition thereto?

[1] Section 10, art. 5, of the State Educational Act (Gen. Acts 1919, p. 567) provides:

"The county board of education shall consolidate schools wherever in its judgment it is practicable, and arrange, if possible, for the transportation of pupils to and from such consolidated schools. But no schools shall be consolidated, by consolidating two or more separate schools located in separate school districts, without consent of said separate school district trustees."

(1) We see nothing in either the language or the policy of this provision to prevent the consenting trustees from qualifying their consent by attaching thereto such lawful conditions as they think are advantageous to the school district which they represent. It is to be presumed that they would consent to such a consolidation only in the expectation of some benefit to the school patrons of their district, and to stipulate for such a benefit, as a condition to their surrender of their separate district school, is, it seems to us, proper if not commendable.

(2) The county board is not bound to make consolidations. It is required to do so only when it deems it practicable, and, with respect to separate district schools, it cannot act at all except by the free consent of the local trustees. If that consent is given upon a stated condition, the county board may reject the consent and decline to act; but, as a matter of legal principle, as well as of sound morals, they cannot accept the consent and at the same time reject the condition. County boards of education, notwithstanding the broad powers and discretion given to them by the statutes, can claim no immunity from the obligations of honesty and fair dealing. We think that when they made the consolidation in this case they were bound by the condition upon which the trustees of Mt. Olive district gave their con-

sent, and, the condition being repudiated, the consolidation fails.

(3) It is insisted, however, for the respondents, that their record of the order of consolidation recites that the complaining trustees requested and consented thereto, and that the record fails to show that their consent was upon any condition. And the argument is that the record is conclusive and not subject to impeachment or impairment by parol evidence of the alleged condition.

[2] It is, indeed, a well-established rule of law that the records of a public corporation or quasi corporation, required by law—or perhaps even by custom—to be kept in writing, cannot be contradicted in a collateral proceeding by parol evidence showing that the recorded action was not in fact taken. Everts v. Township of Rose Grove, 77 Iowa, 37, 41 N. W. 478, 14 Am. St. Rep. 264, 266 ; 35 Cyc. 877.

But that rule, we apprehend, is effective merely to forbid any parol contradiction of the fact of such action. It was so applied in Everts v. Township, etc., supra, to the records of a township board of school directors. Such a record cannot, by a mere recital of the consenting action of the district trustees, conclusively establish the validity of the county board's action, and foreclose inquiry into the fact and terms of the consent upon which it has acted. That would place the county board above the law, and render futile the law's restrictions upon their power of action.

[3] It is of course to be conceded that the recitals of the minutes of the county board are presumed to be true, prima facie, and the burden of disproof is upon him who asserts the contrary. South School District v. Blakeslee, 13 Conn. 227 ; 35 Cyc. 877. But such recitals have not the force and effect of a judgment, and, in so far as they affect the rights of individual citizens, the validity of the action recited, though not the fact of such action, may be impeached ; and qualifying factors, though not shown by the recitals, may be proved by parol evidence.

[4] The evidence is conclusive that these complaining trustees consented to this consolidation only upon the expressed condition that the consolidated schoolhouse should be located on the site chosen and agreed upon by them and the other district trustees. The county board's records show that this condition was met by a contemporaneous order, passed by the board, that the schoolhouse should be so located. Against the protest of the complaining trustees, and of citizens of the Mt. Olive district, the county board, without giving any reason therefor, and without any reason, so far as the record shows, other than their own capricious fancy, afterwards passed an order changing the previously chosen site to one located a half mile further away from the Mt. Olive district patrons, and have refused to continue the school originally located and maintained in that district. Under these circumstances, we think the breach of the condition imposed by the complaining trustees upon their consent to the consolidation has operated as a nullification of their consent, and the consolidation is therefore invalid because prohibited by the statute.

It is of no consequence that the consolidated school, which has been provided at another location, is as good or better than the former district school maintained in and for the Mt. Olive district, for that is beside the question. It does not appear that the complaining trustees have, by their conduct, waived or withdrawn their condition to consolidation, and on the evidence adduced, they were entitled to the relief prayed.

[5] The point is made that mandamus does not lie to compel discretionary action by the respondent officials, and hence is not a proper remedy in this case. Very clearly, however, it does lie to require such action as the law mandatorily prescribes—the performance of a legal duty. That duty in this case is to provide and maintain a school in and for the Mt. Olive district. In so far as the mode of performance is left to the discretion of the county board, its discretion cannot and will not be controlled by judicial mandate, but it will be directed to proceed to the provision of a school in accordance with its legal duty. It is to be presumed that the board will enter its action in the premises on its minutes, in which event a mandate to cancel its former orders, as prayed, will be unnecessary.

The trial court should have overruled the demurrer to the evidence and entered a judgment for the petitioners awarding the writ, and a judgment will be here rendered to that end and the writ will be directed to these respondents as members of the county board of education of Clay county, or to their successors in office, if any of them have been retired from office.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.