4 So.2d 503

**HOLCOMBE v. COUNTY BOARD OF EDUCATION OF MARION COUNTY et al.**

**6 Div. 905–A.**

Supreme Court of Alabama.

Nov. 6, 1941.

Arthur Fite, of Jasper, and Fred Fite, of Birmingham, and Kelly Fite, Ernest Fite, and Rankin Fite, all of Hamilton, for appellant.

Curtis & Maddox, of Jasper, for appellees.

GARDNER, Chief Justice.

Complainant was employed as a teacher in the public schools of Marion County, Alabama, for the scholastic year 1939-40, and filed this bill seeking specific performance of his employment contract for the scholastic year 1940-41, a remedy specifically provided in what is known as the Teachers Tenure Act. Gen.Acts, Regular & Special Session 1939, p. 759. Title 52, §§ 351-361, inclusive, Code 1940. Board of Education v. Baugh, 240 Ala. 391, 199 So. 822.

Upon consideration of the cause for final decree, on pleadings and proof the chancellor denied relief and dismissed the bill. From the decree rendered complainant prosecutes this appeal.

Omitting unessential details of proof, the following facts, which we here consider of controlling importance, are so clearly established as to call for no discussion:

First, the four members of the County Board of Education present at the regular meeting of the Board on March, 22, 1940, and considering the matter of re-employment of teachers for another year, signed at said meeting an order or direction for notice to be given those teachers who were not to be re-employed, giving the name and address of each, complainant's name being among them. Omitting these names as immaterial, the order thus signed reads as follows:

"The State of Alabama
"Marion County.

"We, the undersigned members of the County Board of Education of Marion County, Alabama, do hereby authorize and direct Ross V. Ford, Secretary of this Board of Education to notify the following teachers who are now teaching in the Marion County School system that they are not re-employed for the 1940-41 school term by the Marion County Board of Education. This notice is to be sent in the name of the Marion County Board of Education by Ross V. Ford, Superintendent of Education of Marion County:

"* * * teachers listed * * *

"The notice authorized to be sent to the above teachers is for the purpose of complying with the Teacher Tenure Law and are to be given to each of the above named teachers by not later than the last day of the school where they are now teaching and in all cases by not later than May 1, 1940.

"The County Superintendent of Education is also directed to write each of the above teachers in his own name stating to them that we still have around thirty vacancies to be filled and that they will be further considered for employment at the time these vacancies are filled.

"Due to the fact that most of the teachers will finally be employed in the Marion County School system for the 1940-41 school term, we request that this instrument

not be recorded on the Minutes of this Board of Education, but that it be kept in the files of the County Superintendent of Education and shall be the authority of this Board of Education and the authority of the County Superintendent of Education serving notice to the above teachers that they are not re-employed.

"This the 22nd day of March, 1940.

"L. M. Owsley          H. T.'Gregg
                                Chairman
"C. W. Springfield      J. M. Underwood
   "Members, County Board of Education, Marion County, Ala."

The testimony of Burleson, the principal of the school in which Holcombe had been employed, shows that he delivered to Holcombe in person the following notice which had been sent him for that purpose.

"Mr. F. M. Holcombe
   "Hamilton, Ala., Rt. 3
"Dear Mr. Holcombe:
   "The Teacher Tenure Act makes it the duty of the Marion County Board of Education to notify you as to whether or not you are to be employed for the 1940-41 school term.
   ."This is to advise you that you are not to be employed for the school year, 1940-41, in the Marion County School System.
      "Yours very truly
         "Marion County Board of Education
      "By:  Ross V. Ford
            "Superintendent of Education Marion County."

This was in March, 1940, and the next day after its receipt by Burleson, and of course within the time required by the above noted statute.

In this order, it is to be observed, the members of the Board had directed the County Superintendent to write each of these teachers "in his own name" concerning contemplated vacancies and that their names would be considered when these vacancies are filled. Complying therewith the Superintendent wrote Holcombe a letter dated March 28, 1940, receipt of which he acknowledged. This letter is as follows:

"Mr. F. M. Holcombe
   "Hamilton, Ala.
   "Dear Mr. Holcombe:
   "We had a few teachers in the county who did not receive the recommendation of the principal and the local Board of Trustees where they taught this past year.

"The Teacher Tenure law makes it the duty of the County Board of Education to notify each and every teacher by the last day of their school or not later than May 1st as to whether or not they are employed. for the 1940-41 school term. The County Board of Education met Friday, March 22,. 1940, and employed those who had been recommended by the principal and trustees. and these were mailed a notice stating that they were employed. Those who had not been recommended by their principal and trustees of the school where they taught this year, were not employed at that time and they were sent a notice that they were not employed for the 1940-41 school term.

"We did not have time to go over the list carefully and make placements of those who had not been recommended and it was necessary according to the Teacher Tenure Act to give notice that they were not employed or all of them would have been automatically re-employed at the salary they received this year.

"We still have about .thirty vacancies and you are to be considered for one of these vacancies.

      "Yours very truly,
         "Ross V. Ford
         "Superintendent of Education"

As Holcombe had received the previous notice that he was not re-employed under his former contract, we are unable to see wherein this letter has any material bearing on the case. It was merely intended to inform him of the possibility of employment in some position to fill an expected vacancy, and nothing more.

It, therefore, appears as clearly established that the Board in regular session, at which the question of re-employment of teachers was discussed and determined, directed in writing that the secretary give written notice to those who were not to be re-employed; that this written direction was on file among the records of the Board and that Holcombe received his written notice in due time.

We are of the opinion all of this constituted substantial compliance with. what is now Section 360, Title 52, Code 1940, which deals with this particular question, reading as follows: "§ 360. Teacher deemed re-employed for succeeding school year unless notified.—Any teacher in the public schools, whether in continuing serv-

ice status or not, shall be deemed re-employed for the succeeding school year at the same salary, unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; provided, however, that in no case shall such notice be given the teacher later than the first day of May of the termination of such employment, and such teacher shall be presumed to have accepted such employment unless he or she shall notify the employing board of education in writing to the contrary on or before the first day of June."

Reduced to the last analysis the argument for complainant is rested upon the theory that, for its validity, the direction to the secretary should have been in form of a resolution by the Board and in addition should have been spread upon the minutes of the Board. In Board of Education v. Baugh, supra, upon which complainant places some reliance, the holding was that this matter of re-employment was one for the consideration of the Board, and was a duty of such a character as not to be delegated to another. In so an important matter we thought there should be some written memorial of the direction to give notice to a teacher that he or she would not be re-employed, and our view in this regard was expressed as follows: "But the 'employing board' is the County Board of Education and if the teacher is not to be retained for another year such teacher has the right to expect that such matter be determined upon the judgment of the County Board, as expressed in its written memorials and at a meeting where the board acts as a board and not as individuals." [240 Ala. 391, 199 So. 825.] But the statute makes no requirement for such direction to be spread upon the minutes.

In the matter of cancellation of a teacher's contract the law makers appear to have attached some importance to the matter of record by a requirement that the vote be "evidenced by the minute proceedings of the board". Title 52, § 357, Code 1940. But no such requirement is found as to the matter of re-employment, and the authorities generally agree that in the absence of a statute so directing the formality of minute entry is not essential. See note to Smith v. Johnson, 12 A.L.R. 235.

Here the Board members have provided a written memorial of their direction which was on file among the records, and upon its face discloses the reason for withholding it from the minutes to save embarrassment in event anyone so designated should subsequently be selected to fill an expected vacancy. But the essential features, a written memorial on record and a written notice served upon the teacher within the prescribed time, are made to appear and meet all requirements of our statute.

■ The argument is further made that the direction was but the individual action of the members and not of the board, and it seems to be the insistence there should have been a resolution passed in due form. But we think this insistence looks with too critical an eye upon proceedings of such boards. The authorities generally recognize the fact that proceedings of school boards are usually kept by those not versed in the law and are more or less informal in character, and should not be given a narrow and technical construction. Too strict rules should not be adopted with reference to the records and proceedings of such boards, but they should be construed in such manner as to give effect to the manifest intention of the members. See authorities cited in note, page 235 et seq., 12 A.L.R. supra, and note to Campbell v. Hackensack, 98 A.L.R. 1230 et seq., wherein is noted our own case of Wright v. Campbell, 212 Ala. 493, 103 So. 471. See also 56 C.J. 357.

To hold, as is insisted, that the direction to give notice was merely the action of the individual members of the board and therefore ineffective as not being the act of the board, would be giving a strict and technical construction to the records and proceedings and entirely out of harmony with the current of authority, founded, as we think, upon sound reasoning.

The Board was in session and the direction upon its face discloses the members were acting in their official capacity and in an earnest effort to comply with the "Teacher Tenure Law", to use the language of the memorial.

The memorial speaks for itself and in our opinion suffices for all purposes of the statute. Such being our conclusion, the question arising as to the subsequent resolution ordering this direction to be spread upon the minutes needs no determination here.

We are persuaded there has been substantial compliance with the letter and spirit of

the law, and that complainant was properly denied relief.

The decree will accordingly be here affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.