.14 So.2d 508

**BAUGH et al. v. BOARD OF EDUCA-
TION of MARSHALL COUNTY.**

8 Div. 218.

Supreme Court of Alabama.
June 5, 1943.

Rehearing Denied June 30, 1943.

See, also, 240 Ala. 391, 199 So. 822.

Marion F. Lusk, of Guntersville, and Richard T. Rives, of Montgomery, for appellants.

Oliver D. Street, of Guntersville, for appellee.

THOMAS, Justice.

This is the second appeal in this case. Board of Education of Marshall County v. Baugh, 240 Ala. 391, 199 So. 822. The questions of pleading are, therefore, settled.

We do not think it necessary to consider the several preliminary questions presented in brief of appellee and will proceed to a consideration of the main issue.

While the questions of fact were being tried the case of Holcombe v. County Board of Education of Marion County, 242 Ala. 20, 22, 4 So.2d 503, was on appeal. The decision rendered held that a written order approved and signed by all the members of the board directing the superintendent to send notices to certain named teachers that they would not be reemployed was a sufficient written memorial of the board's action, even though it was not spread upon the minutes of said board in the form of a resolution.

During the taking of the evidence and hearing in the instant case, on March 20th, 1941, the slips of paper were introduced in the record as Exhibits 31, 31-A, 31-B, 36, 38, 39, 40, 41 and 42. This evidence was not contained in the minutes of said board of date of April 1st, April 29, 1940, nor February 28, 1941, the date of defendants' answer. Over the objection of complainant, defendant sought to prove that these papers were determinations of· the respective local school board trustees duly communicated by such boards to the Superintendent of Education of Marshall County and that they were severally on file in his office on April 1st, 1940, and that the county board decided not to reemploy the complainants named in the several exhibits pursuant to the several suggestions and duly instructed him as superintendent to so notify each complainant. There was no error in admitting in evidence said exhibits. These original memoranda are transmitted to this court by due order of the trial court for inspection and are so considered.

The defendants introduced in evidence over complainants' objection and exception a copy of the minutes of the board of February 28, 1941, ordering that the minutes of April 1st, 1940, be amended so as to show that the board did on said last named date determine that none of .the. following named persons including the

complainants would be reemployed for the scholastic year 1940–1941. We have indicated, as the trial court held, that defendants had before them the several recommendations of said local trustees as indicated by the original memoranda on file and other papers and that the matter of giving notices to said teachers who were not to be reemployed was discussed by the county board and superintendent; that on the superintendent's recommendation the board did authorize and direct the issuance of the notices which the superintendent issued and served upon said several and respective parties.

The decree from which the appeal is taken further held that the minutes of April 1st, 1940, "appear on their face to be incomplete and susceptible to more than one interpretation," and that the county board could and did on February 28, 1941, amend said minutes to show that said board gave its express authorization and direction to the superintendent of the several orders of nonreemployment and the notices so given to the respective parties (complainants here) by the superintendent were in compliance with the teacher's tenure act. Code 1940, T. 52, § 351 et seq., § 360.

The issue before the court on this appeal is the same as that presented on the first appeal, towit, did the county board through its records or other written memorials or authorized memoranda direct that said notices of non-reemployment be given to the complainants? Howell & Graves v. Curry, 242 Ala. 122, 5 So.2d 105, 108 contains analogy.

■ It will be observed from the answer of the board to complainants' bill that the names of the several teachers who were not reemployed and so notified were well understood by the board; that this was made known by the local boards to the superintendent and the several notices were sent and received. The transaction of date of April 1st, 1940, of ratification of the superintendent's acts in the premises did not invalidate the authorized action of the several non-employments, as we have indicated.

The decision in Holcombe v. County Board of Education of Marion County, 242 Ala. 20, 22, 4 So.2d 503, was broad enough to include the papers and memoranda which the board acted on and which were in and under its control. That is, the papers which the county board acted on and adjudged as its own on April 1st, 1940,

were sufficient, as appears from the minutes of February 28, 1941.

In Brown v. Board of Education of Blount County, 242 Ala. 154, 5 So.2d 629, after the decision in Board of Education of Marshall County v. Baugh, supra, and Holcombe v. County Board of Education of Marion County, supra, it was declared that the teacher's tenure act, Code 1940, T. 52, § 351 et seq., § 360, intended to secure to the teachers a continuing service for the succeeding year unless given written notice to the contrary under direction of the county board not later than the first day of May; that the written notice of termination required by statute involved the exercise of a wise discretion by the county board of education, not to be delegated to the county superintendent; that the county board speaks through its records or "written memorials" of its actions; and that in order to terminate the employment of a teacher, the written notice must be given according to the requirements of the statute; and that a determining question of fact is that of due notice vel non to complainants.

Stating the facts of this record, the notices issued to the teachers that they would not be reemployed were by the county superintendent of education pursuant to the order of the county board of April 1st, 1940. This notice, unexplained, it is insisted, left the selection of such teachers to the superintendent; that the later resolution of the board approving the superintendent's actions was not in exact accord with the action declared necessary on the first appeal. It is further insisted by appellants that a later resolution amending the original order to the effect that the board had designated the teachers to be so notified of non-employment, and that in so doing acted on the several memoranda (the originals of which are transmitted to this court), is not in accord with our decisions. We do not agree with this insistence of appellants, since said memoranda from the local boards were before the county board of education and were called to its attention by the county superintendent, and the board acted on such memoranda.

The effect of the judgment of the trial court was to sustain the sufficiency of the notice given and authority for such action by the board through the superintendent of education acting for the general board.

The voluminous record has been considered. Under the rule that prevails, Code 1940, T. 13, § 66; Davis v. Davis, 241 Ala. 385, 2 So.2d 780; Barley v. Wright, 233 Ala. 283, 171 So. 247; Caples v. Young, 206 Ala. 282, 89 So. 460, it would serve no useful purpose to discuss the testimony in detail. We are content, therefore, with the general statements and conclusions noted, and after a most careful study of the proof, are of opinion that the judgment of the trial court should be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

## On Rehearing.

GARDNER, Chief Justice.

Counsel for appellants earnestly insist the decision rendered in this cause affirming the decree of the court below is inconsistent with the opinion of this Court on former appeal (Board of Education v. Baugh, 240 Ala. 391, 199 So. 822). But we cannot agree. The former appeal dealt with the ruling on demurrer to the bill, where the pleading was construed to the effect that the County Board of Education had left entirely with the Superintendent of Education the matter of employment of teachers for another year. The ruling was that the Teachers Tenure Act, Code 1940, Tit. 52, § 351 et seq., placed this duty upon the County Board, as a Board, to determine whether or not an employed teacher should be reemployed for another year. It was contemplated that this be done at a meeting of the Board, and that the duty devolving upon the Board called for the exercise of a wise discretion. We held also that the exercise of this discretion could not be delegated to another, and that any such attempted delegation would be void and therefore incapable of subsequent ratification.

In Holcombe v. County Board of Education, 242 Ala. 20, 4 So.2d 503, the holding was that the proceedings of school boards should not be given a narrow and technical construction but should be construed in such manner as to give effect to the manifest intention of the members, and the failure of written memorial to be spread upon the minutes of the Board did not invalidate its action at a meeting duly had. In other words, the holding was that formality of proceedings was not required, nor was it essential to the validity of the action of the Board that the written memorial be spread upon the minutes. Of course, the minutes would be more regular, but they were held not essential. We were of the opinion, however, that there should be some written memorial of the action of the Board.

In the instant case the question arises as to whether or not complainants have proved their bill. A study of this record discloses that, as to the larger number of these complainants, their names were in fact on file in the office of the County Superintendent of Education in the form of a request by the local trustees that they not be reemployed. The evidence also is ample to the effect that there was a regular meeting of the Board on April 1, 1940, and that the names of all the complainants were considered and the Board then recommended that the Superintendent write the letters which are involved in this case. It was the action of the Board and not the act of the Superintendent. It is clear enough that the Superintendent exercised much influence over the members of the Board concerning the matter of employment of teachers. But, nevertheless, the proof fully justifies the conclusion of the trial court that the Board authorized the action taken and did not delegate their discretionary powers to the County Superintendent of Education. And, indeed, the minutes of the Board, as disclosed by the averments of the bill, authorized the Superintendent to notify the teachers, and the only deficiency in the minutes in that regard relates to the failure to give the names.

It further appears, however, that at a meeting of the Board on April 29th, 1940, a resolution was adopted declaring the action of the Superintendent in notifying the teachers that they would not be employed for another year was within the authorization of the Board, as found in the minutes of April 1st, 1940. This resolution is found in the minutes of the Board, and attached thereto are the names of the several teachers so to be notified, among them complainants in this cause. The action, therefore, of the Board on April 29th, 1940, supplied the names of the teachers which were omitted in the resolution found in the minutes of April 1st, 1940. The Board was therefore within its rights in thus acting within a reasonable time to

make its records speak the truth, and in thus perfecting the minute entry of April 1st, 1940, which was incomplete. The corrected minutes of April 29th, 1940, therefore, relate back to April 1st, 1940, and speak as of that day.

The case of Harris v. Town of East Brewton, 238 Ala. 402, 191 So. 216, touching the right of the Town Council to correct incomplete or erroneous minutes so as to make them properly recite the facts, is here much in point. There is nothing in the statute, or our decisions construing the same, indicating that the County Board is to be bound by any strict formality or construed as a court of record. There is no reason, therefore, why the same rule applicable to the Harris case should not apply to proceedings of this Board, giving authority to the Board to correct an incomplete or erroneous entry on its minutes, acting, as here, within a reasonable time. See also in this connection, 15 Corpus Juris pp. 466–468; 20 C.J.S., Counties, § 91; 24 R.C.L. pp. 177, 178.

It appears, therefore, that the result reached upon final consideration of the cause was due to failure of proof to sustain the averments of the bill as interpreted on former appeal. We are not persuaded of any error in the judgment rendered, and the application will accordingly be here overruled.

Application overruled.

THOMAS, BOULDIN, and BROWN JJ., concur.