This is an appeal by Bennie Johnson (plaintiff) from a summary judgment granted in favor of the Selma City Board of Education (defendant). We reverse and remand.
The plaintiff was employed by the Selma City School System in 1972 to teach physical education at Eastside Junior High School. On April 10, 1975 Mr. Yelder, the Principal of Eastside Junior High School, advised that the plaintiff by letter that he was not recommending that plaintiff's contract be renewed for the coming school year. Thereafter, Mr. Yelder submitted such a recommendation to the Teacher's Committee of the Selma City School Board. At its meeting on May 9, 1975 the School Board voted in accord with the recommendations of the Teacher's Committee not to re-employ the plaintiff for the 1975-76 school year. At that time the plaintiff had not attained continuing service status, that is, tenure status.
The plaintiff was orally notified by both Mr. Yelder and Mr. Pickard, the Superintendent of the Selma City School System, that his contract had not been renewed by the School Board for the coming school year. Pickard also directed Yelder to notify the plaintiff in writing of the School Board's action.
Following this Yelder wrote the following letter and hand delivered it to the plaintiff on May 28, 1975, one day prior to the end of the school year 1974-75:
 EASTSIDE JUNIOR HIGH SCHOOL Office of the Principal SELMA, ALABAMA 36701
 May 28, 1975 Mr. Bennie Johnson Eastside Junior High Washington Street Selma, Alabama
Dear Mr. Johnson:
 The letter that I wrote you on April 10, 1975, concerning your performance, interest and attitude,
 in your work here this year has been greatly weakened in that you failed to enter your track team in the track meet which met here on May 10, 1975. You told Reverend Reese and I that you would work with the track team — we have no evidence that you did, and have been further disappointed in your lack of participation.
 As Principal of Eastside Junior High School I wish to thank you for the things you did well here, and to say on the other hand that you have not done well enough for me to recommend that you come back next year.
 Yours truly, Dr. W.J. Yelder /s/ Dr. W.J. Yelder
cc: Mr. J.A. Pickard
Apparently the plaintiff was not employed further by the Selma City School System.
In February, 1977 the plaintiff brought this action against the Selma City Board of Education for reinstatement and $25,000 in back pay. After a hearing on various motions, the trial court granted the defendant's motion for summary judgment.
The sole issue presented is whether the trial court erred in granting defendant's motion for summary judgment.
The appellant contends that the trial court erred in granting summary judgment against him because the notice he was given did not accord with Tit. 52, § 361 (2), Alabama Code (Supp. 1973) (now § 16-24-12, Code of Ala. 1975). The pertinent portion of that section provides:
 Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year
at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; . . . (emphasis added)
The plain terms of the statute require that the employing board of education must cause written notice to be given to a *Page 651 
non-tenured teacher that his contract will not be renewed. That is, written notice must be given under the direction of the Board. Board of Education of Marshall County v. Baugh, 240 Ala. 391,199 So. 822 (1941). Any oral notification to the teacher that his contract will not be renewed is not sufficient notice under Tit. 52, § 361 (2). The purpose of this rule is to insure that teachers have some measure of job security and to allow them freedom from the "vicissitudes of politics" or the likes or dislikes of school administrators. Board of Education v.Baugh, supra. This written proof of contract non-renewal by the school board gives the teacher unequivocal notification that he will need to secure other employment after the school term ends. And as we stated in Baugh the manifest purpose of the statute is to protect teachers hence it should be liberally construed in their favor.
The record discloses that Yelder delivered his letter of May 28th to the appellant and that letter purported to give appellant notice that his contract was not to be renewed. The issue posed by this fact is whether that letter conformed to the required statutory notice by the school board that Johnson's contract had not been renewed by that board for the following year.
Notwithstanding Yelder's statement in the letter that "you have not done well enough for me to recommend that you come back next year," the letter did not give appellant notice that his employment contract was not being renewed by the schoolboard. The plain language of that letter cannot be interpreted to mean that the school board had decided not to renew appellant's contract for the coming school year. The import of that letter was merely that Yelder, in his capacity as Principal of Eastside Junior High School, was not recommending appellant for continued employment, a recommendation he previously communicated to appellant by a letter in April. The argument that Yelder's written letter should be considered together with the oral notice appellant received, as we have heretofore stated, falls before the express requirements of Tit. 52, § 361 (2). Because Yelder's letter did not strictly comply with the requirements of Tit. 52, § 361 (2) by notifying appellant that the Selma City School Board voted not to renew his contract for the succeeding school year 1975-76, the appellant did not receive statutory notice sufficient to cancel his contract for that year. Brown v. Board of Education ofBlount County, 242 Ala. 154, 5 So.2d 629 (1942).
The appellee insists that Yelder's letter represented substantial compliance with the statute, citing Holcombe v.County Board of Education of Marion County, 242 Ala. 20,4 So.2d 503 (1941) for that proposition. The Holcombe case held that the board of education's written order not reviewing a teacher's contract, even though not recorded in the minutes of the meeting, together with a letter written on behalf of the board notifying the teacher of the board's action constituted substantial compliance with Tit. 52, § 360 (now § 16-24-12,Code of Ala. 1975). However, the cases are distinguishable because in the Holcombe case a finding of substantial compliance was based upon the board of education's order and a letter given to the teacher on behalf of the board notifying him of its action which did not renew his contract. Here the letter which the teacher received did not substantially comply with the statute because it did not notify the appellant that the board of education had voted not to renew his contract. There is nothing contained in its terms which in any way suggests that it was written on behalf of the board ofeducation. Therefore, the appellee's argument is not well taken.
Since this letter could not be construed as the notice mandated by the statute, the defendant has failed to show the absence of a genuine issue on the material fact of notice, and this precludes the entry of a summary judgment. First NationalBank of Birmingham v. Culberson, 342 So.2d 347 (Ala. 1977).
Accordingly, the judgment of the trial court must be, and is, reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 652