BEATTY, Justice.
Plaintiff, Janis Elaine Shelton, appeals from a decree entered by the Lauderdale County Circuit Court holding that the defendant school board had complied with Code of 1975, § 16-24-12 in the non-renewal of plaintiff’s teaching contract. We reverse and remand.
Miss Shelton, a non-tenured teacher, had been employed by the Lauderdale County Board of Education for slightly more than two years when, on May 29, 1978, the last day of the 1977-78 school term, she received a letter signed by the Board’s superintendent, Mr. Greer, stating that:
The Lauderdale County Board of Education in its meeting on May 26, 1978 did not re-employ you to teach in the Lauder-dale County School System during the 1978-79 school term which will begin August 21, 1978. .
Miss Shelton subsequently filed suit against the Board and the individual members thereof, seeking to enjoin the defendants from refusing to honor the contract of employment she alleged that she had with the Board for the 1978-79 school year. Plaintiff also sought a declaratory judgment setting forth the existence and terms of the alleged contract. The suit was based on plaintiff’s allegation that the superintendent’s action in notifying her of the non-renewal of her contract was without the authorization of the Board as is contemplated by Code of 1975, § 16-24-12. We agree.
Section 16-24-12 provides:
Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; and such teacher shall be presumed to have accepted such employment unless he or she shall notify the employing board of education in writing to the contrary on or before the fifteenth day of June. The employing board of education shall not cancel the contract of any teacher in continuing service status, nor cause notice of nonemployment to be given to any teacher whether'in continuing service status or not except by a vote of a majority of its members evidenced by the minute entries of said board made prior to or at the time of any such action. [Emphasis added.]
Neither the adequacy nor the timeliness of the notice received by plaintiff is challenged on this appeal. Instead, the thrust of plaintiff’s argument is that the superintendent was not authorized to notify her of the termination of her employment because “the minute entries . . . made prior to or at the time of . such action” did not reflect that a majority of the board members voted to “cause notice of nonem-ployment to be given” to her as is required by the statute.
The record reveals that the defendant Lauderdale County Board of Education held a regular meeting on May 26, 1978. The following passage is contained in the May 26 minutes of the Board:
Mr. Goins made the motion which was seconded by Mr. Jones and was passed that the following teachers on tenure be elected as recommended by Mr. Greer and that non-tenured teachers would be considered for re-election at the next Board meeting. [Emphasis added.]
Shortly after the May 26 meeting, letters of termination were sent to all of the nontenured teachers, including Miss Shelton. At the board meeting of June 8, 1978, most of the non-tenured teachers were rehired for the coming school year; Miss Shelton, however, was not among those who were re-employed. After the instigation of this lawsuit, on November 16, 1978, the defendant board of education passed a resolution seeking to amend the minutes of the May 26 meeting. Included in that resolution is the following passage:
*837 WHEREAS, The Lauderdale County-Board of Education, acting as a Board and not as individuals, instructed the Su-perintendant [sic] to send a notice of termination of employment to each such non-tenured teacher.
At the conclusion of the evidence, the trial court, sitting without a jury, held that the Board’s action in failing to re-employ plaintiff was in compliance with Code of 1975, § 16-24-12.
At the outset, it is in order to note that under § 16-24-12, our review in this case is confined to the original minutes of the May 26, 1978 meeting (which were approved by the Board on June 8,1978). The November 16 amendatory resolution “explaining and detailing” the May 26 actions by the Board is of no consequence for § 16-24-12 expressly limits the minute entries which may be considered to those “made prior to or at the time of any such action.” Although this Court, in Baugh v. Board of Education, 244 Ala. 522, 525-26, 14 So.2d 508 (1943), held that an amendatory resolution correcting the original minutes of a school board was efficacious, that case was decided under Title 52, § 360, Code of 1940, which did not at that time contain the language dealing with minute entries that is present in the current provision. The last sentence of § 16-24-12 was not added until 1945, some two years after the decision in Baugh. See 1945 Ala.Acts, No. 411, p. 646.
Defendants strongly contend that the minute entry made at the May 26, 1978 meeting, when it is considered along with the fact that the board members had before them at that meeting several sample termination letters and a list of the non-tenured teachers, demonstrates at least substantial compliance with Code of 1975, § 16-24-12. Allegedly, substantial compliance is all that is required under Holcombe v. County Board of Education, 242 Ala. 20, 4 So.2d 503 (1941).
In Holcombe, the members of the defendant board of education signed an order specifically authorizing the secretary of the board to notify certain teachers that they would not be re-employed. The written direction was on file among the records of the board, but it was not spread upon the board’s minutes. This Court held that substantial compliance with the statute as it was at that time was all that was required. Although the Court felt that “there should be some written memorial of the direction to give notice to a teacher that he or she would not be re-employed” [242 Ala. at 23, 4 So.2d at 506; see Board of Education v. Baugh, 240 Ala. 391, 199 So. 822 (1941)], “in the absence of a statute so directing the formality of [a] minute entry is not essential.” Ibid.
The current statute does affirmatively require a minute entry reflecting the vote of a majority of the employing board’s members to “cause notice of nonemployment to be given.” It is apparent that the entry in the instant case stating that “nontenured teachers would be considered for re-election at the next Board meeting” simply does not comport with the clear mandate of the statute. Accordingly, we are compelled to find that the trial court erred in holding that the defendants complied with Code of 1975, § 16-24-12 in the non-renewal of plaintiff’s contract.
This Court is not unmindful of the administrative burdens which statutes such as § 16-24-12 place upon those responsible for the reporting functions of school boards, nor is it our purpose to increase those burdens, for it is generally recognized that “proceedings of school boards are usually kept by those not versed in the law and are more or less informal in character . . .” Holcombe, supra, 242 Ala. at 23, 4 So.2d at 506. However, we respectfully point out that the legislature has enacted this and similar statutes primarily for the benefit of the teachers [see, e. g., Board of Education v. Baugh, 240 Ala. 391, 199 So. 822 (1941)], and that in reversing this case we are merely effectuating the clearly expressed legislative intent. In order to avoid future controversies of this kind, the individual board of education would be well-advised to adopt procedures to insure that its reporting functions are administered to comply with statutes like § 16-24-12.
*838 In accord with the foregoing discussion, the judgment of the Circuit Court of Laud-erdale County is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.