MADDOX, Justice.
This is a case involving non-renewal of the employment contracts of non-tenured teachers pursuant to Code 1975, § 16-24-12. The specific legal issue presented is whether the statutory language of § 16-24-12 requires that a school Board give individual consideration to teachers whose contracts are being considered for non-renewal and spread their names upon the minutes of its meeting.
In 1979, the Mobile County Board of School Commissioners (hereinafter the Board) established a policy whereby it would not renew the contracts of non-tenured teachers who failed to present their superintendent with an acceptable score on the National Teacher’s Examination (NTE). Plaintiffs/appellants were non-tenured teachers who had been employed by the Board for periods of one to three years. All had entered into a contract for the 1981-82 school year, which provided as follows:
“Continued employment is dependent upon you [sic] taking the National Teacher’s Examination during the next scheduled test date and submitting an acceptable test score to the Personnel Office.”
It is undisputed that none of the plaintiffs presented an “acceptable test score.” It is also undisputed that on or about May 21, 1982, each Board member received an agenda for the Board’s upcoming May 26, 1982, meeting, and that one item on that agenda was consideration of the superintendent’s recommendation that the contracts of all 106 non-tenured teachers who had failed to present an acceptable NTE score not be renewed for the upcoming school year. It is also undisputed that on May 21 each Board member received a letter containing the names of all teachers, including plaintiffs, who were subject to non-renewal. The Board met and approved *858 the superintendent’s recommendation on May 26,1982. Thereafter, all of the affected teachers, including plaintiffs, received proper notice of the non-renewal of their contracts.
On October 27, 1982, plaintiffs brought suit against the Board and its members, alleging that, in failing to renew their contracts, the Board had violated Code 1975, § 16-24-12. Specifically, they asserted that the Board had failed to consider each of the dismissed teachers individually, and had failed to “spread” its decision on the minutes of its May 26 meeting, and to include their names in those minutes. On this basis, plaintiffs filed a motion for a preliminary injunction, which was heard by the court on December 3, 1982, and denied on December 22, 1982, the court finding that “Plaintiffs did not establish that plaintiffs’ contracts were non-renewed in violation of Section 16-24-12_”
Pursuant to Rule 65(a)(2), Ala.R.Civ.P., the parties agreed that the evidence presented at the injunction hearing, plus several depositions taken subsequent thereto, should be considered as the testimony taken at trial. The aforesaid testimony was then submitted to the circuit court, along with each party’s proposed findings of fact and conclusions of law. On November 8, 1983, the circuit court ruled in the Board’s favor, finding no violation of § 16-24-12.
Plaintiffs appeal here, restating their earlier contention that, even though the Board considered them, along with the other teachers who had not presented acceptable test scores, as a group, its failure to individually consider and rule upon each teacher’s non-renewal and failure to evidence that individual consideration in its minutes constituted a violation of § 16-24-12. Under the present facts, we find no error and affirm.
Section 16-24-12 provides, in pertinent part:
“The employing Board of education shall not cancel the contract of any teacher in continuing service status, nor cause notice of nonemployment to be given to any teacher whether in continuing service status or not except by a vote of a majority of its members evidenced by the minute entries of said Board made prior to or at the time of any such action.”
For their interpretation of this section, as applied to their cases, plaintiffs rely on three cases, Ex parte Hayes, 405 So.2d 366 (Ala.1981), Shelton v. Lauderdale County Board of Education, 380 So.2d 835 (1980), and Board of Education v. Baugh, 240 Ala. 391, 199 So. 822 (1941). We are of the opinion that all three cases relied upon by the plaintiffs are clearly distinguishable from the case sub judice.
In Baugh, supra, this Court stated, in general terms, that “[t]he County Board of Education speaks through its records or written memorials”, 240 Ala. at 395, 199 So. at 825, and that “if [a] teacher is not to be retained for another year such teacher has the right to expect that such matter be determined upon the judgment of the County Board, as expressed in its written memorials,” id. That case, however, dealt with a factual situation completely dissimilar from the present one.
In Baugh, the Board gave the superintendent general authority to notify non-tenured teachers that their contracts would not be renewed, leaving to the superintendent’s discretion those who would not be re-employed. Prior to the superintendent’s actions, the Board neither voted for non-renewal nor even knew the names of those whose' contracts would not be renewed. After the affected teachers were notified of their non-renewal, the Board sought to ratify the superintendent’s exercise of discretion by including in its minutes its vote approving the non-renewals. It was this attempted delegation of discretion to the superintendent by the Board that this Court found objectionable; consequently, the Court properly held that the Teacher Tenure Act does not provide for notice of non-renewal by the superintendent, and subsequent ratification by the Board. Baugh, 240 Ala. at 395, 199 So. at' 825.
*859 Similarly, in Shelton, supra, the Board attempted to retroactively approve the non-renewal of a non-tenured teacher. Again, this Court held that even though the Board had access to the names of those subject to non-renewal prior to the superintendent’s notification of the affected teachers, the Board’s retroactive approval was ineffective. This Court stated that “[t]he current statute [§ 16-24-12] does affirmatively require a minute entry reflecting the vote of a majority of the employing Board’s members to ‘cause notice of non-employment to be given.’ ” Shelton at 837 (emphasis original).
Plaintiffs are correct that in Hayes, supra, this Court cited Baugh and stated, in dicta, that the Board “must weigh and make a determination [as to continued employment of a non-tenured teacher] on the facts in each individual case and spread that decision on its minutes.” (Emphasis added.) It is largely this sentence taken from Hayes, supra, upon which plaintiffs base their primary claim. We admit that this language is supportive of plaintiffs’ argument, but this single sentence should not be read out of the context in which it was written, a context, again, dissimilar from the present one. In Hayes, unlike the present case, a non-tenured teacher was terminated during the pendency of an ongoing contract, without a hearing and, as in Baugh and Shelton, with only retroactive approval by the Board.
In the present instance, unlike Baugh, Shelton, and Hayes, the Board members were informed of those teachers who had failed to pass the examination and who were, therefore, recommended for non-renewal; the Board knew the reason for the recommendation, and voted to approve the recommendation for non-renewal prior to the superintendent’s notification of the affected teachers. The Board’s vote approving the recommendation of non-renewal of all teachers in a previously determined objective class — those not having presented acceptable scores — was a majority vote causing notice of non-employment to be given, Shelton, supra, and was evidenced by the following minute entries:

“Approval of Substitute Motion on Non-Renewal of Conditional Contracts Due to NTE Requirements and Postponement of Priority Order for Employment

“Mr. Bosarge moved ‘to approve the recommendation regarding non-renewal of conditional contracts due to the NTE requirement as described in the first paragraph of Exhibit M; to delete the remainder of the recommendation, with the stipulation that the recommendation on priority order for rehiring as relates to NTE requirement is to be brought back to the next Board meeting.’
“Mr. Alexander called for the vote on Mr. Bosarge’s substitute motion. The votes were as follows:
“ ‘Aye’ — Dr. Berger, Mrs. Drago
“ ‘No’ — Mr. Cox, Dr. Gilliard
“ ‘Abstain’ (voiced) — Mr. Bosarge
“ ‘Not voting’—
“There being a tie vote, Mr. Alexander voted ‘Aye,’ and declared the motion carries.”
Although we realize that the primary purpose of § 16-24-12 is to protect teachers, we are not unmindful of the administrative burdens created by the statute. Shelton at 837. While we will construe § 16-24-12 to effectuate the clearly expressed intent of the legislature, id., we are hesitant to impose a requirement not so expressed.
As to plaintiffs’ claim that the name of each individual teacher was not considered, we quote from the trial judge’s findings in that regard:
“The Board members considered the individual teachers who were subject to the Superintendent’s recommendation prior to voting on the recommendation. The evidence established that a number of teachers on the list were known to Board members or that the Board members inquired of the staff about the teachers. Each Board member was satisfied that he/she was well acquainted with the facts and circumstances at the time of the vote on May 26.”
*860 We cannot say that these findings of fact are clearly and palpably incorrect and not supported by the evidence.
As to plaintiffs’ argument concerning spreading the names on the minutes, we note that, other than the dicta in Hayes, this Court has never spoken of this requirement. Rather, this Court has only required, as § 16-24-12 provides, that the evidence of the majority vote be recorded in the minutes. Shelton, supra. It is without question that this was done here. Neither § 16-24-12 nor Baugh, Shelton, or Hayes requires that the name of each individual in the affected group appear in the minutes proper. This is especially true where, as the trial court here found, “[the] names were made a part of the record of that meeting where they were considered,” and are thus part of the Board’s records and/or written memorials.
We reached a similar result in Holcombe v. County Board of Education, 242 Ala.20, 4 So.2d 503 (1941). Although Hol-combe is also distinguishable, because of the fact that the statute under which it was decided, the predecessor of § 16-24-12, contained no requirement that the Board’s vote be evidenced by the minutes, Shelton at 837, the holding in Holcombe is helpful here.
In Holcombe, the Board met and discussed the question of re-employment of teachers. The Board determined that certain teachers should not be re-employed and directed in writing that its secretary give written notice to those who were not to be re-employed. That written direction was on file among the Board’s records, and the teachers were given written notice in due time of the Board’s action. The court held that there was substantial compliance with the Teacher Tenure Act by the Board even though the direction to the secretary was not in the form of a resolution by the Board and was not spread on the minutes of the Board. The Court opined:
“The argument is further made that the direction was but the individual action of the members and not of the Board, and it seems to be the insistence there should have been a resolution passed in due form. But we think this insistence looks with too critical an eye upon proceedings of such boards. The authorities generally recognize the fact that proceedings of school boards are usually kept by those not versed in the law and are more or less informal in character, and should not be given a narrow and technical construction. Too strict rules should not be adopted with reference to the records and proceedings of such boards, but they should be construed in such manner as to give effect to the manifest intention of the members. See authorities cited in note, page 235 et seq., 12 A.L.R. [235], and note to Campbell v. Hackensack, 98 A.L.R. 1230 et seq., wherein is noted our own case of Wright v. Campbell, 212 Ala. 493, 103 So. 471 [ (1925) ]. See also 56 C.J. 357.
“To hold, as is insisted, that the direction to give notice was merely the action of the individual members of the board and therefore ineffective as not being the act of the board, would be giving a strict and technical construction to the records and proceedings and entirely out of harmony with the current of authority, founded, as we think, upon sound reasoning.
“The board was in session and the direction upon its face discloses the members were acting in their official capacity and in an earnest effort to comply with the ‘Teacher Tenure Law’, to use the language of the memorial.
“The memorial speaks for itself and in our opinion suffices for all purposes of the statute. Such being our conclusion, the question arising as to the subsequent resolution ordering this direction to be spread upon the minutes needs no determination here.”
242 Ala. at 23, 4 So.2d at 506.
Here, all of the plaintiffs’ contracts were not renewed for a single, pre-determined, objective reason, their failure to meet a Board requirement. The name of each teacher subject to non-renewal was before the Board and it voted not to renew those *861 who failed to pass the test. Furthermore, the Board directed the superintendent to issue the appropriate notices, which he did; consequently, we find that the Board substantially complied with the requirements of Code 1975, § 16-24-12. We affirm.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.